

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00286-CR

STATE OF TEXAS, APPELLANT

V.

CLARE FINNEY, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 9095, Honorable John A. Didway, Presiding

July 10, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

The State of Texas seeks to appeal the trial court's *Order on Defendant's Motion to Quash Indictment*. Because the State failed to perfect its appeal in the manner required by statute, we dismiss the appeal for want of jurisdiction.

Appellee, Clare Finney, was indicted for failure to comply with sex-offender registration requirements.[1] Finney subsequently filed a motion to quash the indictment.

---

[1] *See* TEX. CODE CRIM. PROC. art. 62.102.

On May 5, 2026, the trial court signed an order granting the motion. The State filed a notice of appeal signed by the assistant county attorney for Terry County on May 20, 2026.

Article 44.01(a)(1) of the Code of Criminal Procedure authorizes the State to appeal an order dismissing an indictment. However, the "prosecuting attorney" must "make an appeal" within twenty days after the order is entered by the court. TEX. CODE CRIM. PROC. art. 44.01(d). For purposes of article 44.01, a "prosecuting attorney" is "the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." TEX. CODE CRIM. PROC. art. 44.01(i).

In *State v. Muller*, 829 S.W.2d 805, 811–12 (Tex. Crim. App. 1992), the Court of Criminal Appeals held that article 44.01 requires the elected prosecuting attorney, not an assistant prosecutor, to "make" the State's appeal within the statutory deadline. The prosecuting attorney satisfies this requirement by signing the notice of appeal or "by personally and expressly authorizing an assistant to file a specific notice of appeal" on the prosecutor's behalf before the statutory deadline expires. *Id*. Because compliance with article 44.01 is jurisdictional, failure to timely satisfy these requirements deprives the appellate court of jurisdiction over the State's appeal. *Id*. at 812.

The notice of appeal in this case was not signed by the elected Terry County Attorney, the "prosecuting attorney" authorized to make the appeal under article 44.01. Instead, it was signed solely by an assistant county attorney. Moreover, nothing in the notice of appeal reflects that the Terry County Attorney personally and expressly

2

authorized the assistant prosecutor to file this specific notice of appeal on her behalf, and no such authorization was filed within the statutory deadline. *See Muller*, 829 S.W.2d at 811; *State v. Palmer*, 469 S.W.3d 264, 269 (Tex. App.—Fort Worth 2015, pet. ref'd) (dismissing the State's appeal where the notice of appeal failed to demonstrate authorization by the district attorney and concluding that the defect could not be cured after expiration of the filing deadline).

By letter dated June 4, 2026, we notified the State that the appeal was subject to dismissal for want of jurisdiction because of the defective notice of appeal. We directed the State to file a response demonstrating grounds for continuing the appeal by June 15, 2026. The State has neither responded nor otherwise communicated with the Court to date.

Because the State failed to file a notice of appeal satisfying the requirements of article 44.01 within the applicable deadline, this Court lacks jurisdiction over the appeal. Accordingly, the appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

Do not publish.